[Cite as *State v. Wilson*, 2016-Ohio-7329.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 27001 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 15-CRB-6435 |
| v. | : | |
| | : | (Criminal Appeal from |
| CALVIN WILSON | : | Dayton Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 14th day of October, 2016.

. . . . . . . . . . .

BARBARA J. DOSECK, Atty. Reg. No. 0079159, and STEPHANIE L. COOK, Atty. Reg. No. 0067101, by TROY B. DANIELS, Atty. Reg. No. 0084957, Dayton Municipal Prosecutor's Office, 335 West Third Street, Room 372, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

JIMMIE CHRISTON, Atty. Reg. No. 0038116, 131 North Ludlow Street, Suite 212, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Calvin Wilson appeals from a judgment of conviction for

Assault. Wilson contends that the verdict is not supported by sufficient evidence. The City acknowledges that Wilson is actually arguing both that the conviction is against the manifest weight of the evidence and that it is not supported by sufficient evidence. We conclude that the evidence is sufficient to support the conviction and that the conviction is not against the manifest weight of the evidence. Accordingly, the judgment of the trial court is Affirmed.

## I. Victim Provides Multiple Versions of the Assault

{¶ 2} In September 2015, L.W. made a 911 call requesting police assistance and reporting that her child's father, Wilson, had physically assaulted her and threatened to shoot her. Shortly thereafter, an officer arrived on the scene, and L.W. identified herself as the victim. Her attacker was no longer at the scene. The officer observed the victim's bruises and scratches. L.W. described her attack to the officer on the scene consistently with the information she gave the 911 operator, identifying Wilson as the attacker and the father of her child. The officer gave L.W. a blank form and asked her to complete a written statement. In her written statement, L.W. stated that Wilson hit her in the head twice, punched her twice, and that after she fell to the ground, Wilson kicked her.

{¶ 3} Prior to trial, L.W. gave an affidavit "rescinding the charges" brought against Wilson, averring that she was unsure how the altercation began, and admitting that she hit Wilson and said things to the police that she should not have said. At trial, L.W. acknowledged that she called 911 and gave the statements regarding the assault, but claimed that the officers told her what to write and whom to identify as her attacker. L.W. also testified for the defense, testifying that Wilson was not the father of her child, that

Wilson did not touch her, and that she was actually attacked by someone else. L.W. testified that at the time of the incident she was mad at Wilson for leaving her, and that she attempted to stop him from leaving and taking his personal property.

## II. The Course of Proceedings

{¶ 4} Two criminal complaints were filed against Wilson, charging him with the offense of Domestic Violence, in violation of R.C. 2919.25(A), a misdemeanor of the first degree, which was later amended to charge a violation of R.C. 2919.25(C); and a second charge for the offense of Assault, in violation of R.C. 2903.13(A), a misdemeanor of the first degree.

{¶ 5} At a bench trial, Wilson was convicted of Assault and acquitted of Domestic Violence. Wilson was sentenced to serve 90 days in jail, with all 90 days of the sentence suspended. Wilson was placed on basic supervised probation for a period of one year, and ordered to pay a fine of $100, plus court costs. Wilson was also ordered to participate in a "Stop the Violence" program.

## III. The Standard of Review

{¶ 6} "A sufficiency of the evidence argument disputes whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law." *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525, ¶ 10, citing *State v. Thompkins,* 78 Ohio St. 3d 380, 678 N.E.2d 541 (1997). When reviewing whether the State has presented sufficient evidence to support a conviction, "the relevant inquiry is whether any rational finder of fact, after

viewing the evidence in the light most favorable to the State, could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Dennis,* 79 Ohio St. 3d 421, 430, 683 N.E. 2d 1096 (1997), citing J*ackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed 2d 560 (1979). A guilty verdict will not be disturbed on appeal unless, "reasonable minds could not reach the conclusion reached by the trier-of-fact." *Id.*

### IV. There Is Sufficient Evidence to Support a Conviction for Assault

{¶ 7}  For his sole assignment of error, Wilson alleges:

APPELLANT'S [sic] ASSERT THAT THERE IS INSUFFICIENT EVIDENCE TO SUPPORT EVIDENCE OF AN ASSAULT, CONSISTENT WITH R.C 2013.A. [sic]

{¶ 8}  Wilson was convicted of the offense of Assault, in violation of R.C. 2903.13(A), which requires the State to prove, beyond a reasonable doubt, that Wilson knowingly caused or attempted to cause physical harm to another. Wilson argues that based on L.W.'s three versions of the incident, she had no credibility. Wilson argues that L.W.'s testimony should not be believed and cannot be the basis of finding guilt beyond a reasonable doubt.

{¶ 9}  The trial court was presented with evidence from both the victim, L.W., and the officer who arrived on the scene after L.W. made the 911 call. The officer stated that he asked L.W. to write out a statement, and she did complete it in his presence. The officer stated that he did not prompt her to name Wilson or tell her what to write on the form. The trial court heard and considered a recording of the 911 call.  The written statement is consistent with the verbal statements L.W. made to the 911 operator. Both

the 911 call and L.W.'s written statement identify Wilson as the person who knowingly caused physical harm to L.W. This evidence is sufficient to prove all the elements of Assault, as defined by R.C. 2903.13(A).

{¶ 10} In support of his sole assignment of error, Wilson argues that his conviction is against the manifest weight of the evidence, because the complaining witness was not credible. To reverse a judgment as being against the manifest weight of the evidence, an appellate court must determine that "the jury clearly lost its way and created * * * a manifest miscarriage of justice." *State v. Thompkins,* 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). While we acknowledge that the victim, L.W., changed her story and described at least three versions of the assault, the trial court, as the trier of fact could choose to believe or disbelieve any part of her testimony. "It is well established that the trier of fact may credit some, part, or none of the testimony of a witness." *State v. Pheanis*, 2d Dist. Montgomery No. 26560, 2015-Ohio-5015, ¶ 29, citing *State v. Butt,* 2d Dist. Montgomery No. 22774, 2009-Ohio-6814, ¶ 19; *State v. Antill,* 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964).

{¶ 11} "The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve." *State v. Hammad,* 2d Dist. Montgomery No. 26057, 2014-Ohio-3638, ¶ 13, citing *State v. DeHass,* 10 Ohio St.2d 230, 231, 227 N.E.2d 212 (1967). "The trier of fact is better situated than an appellate court to view witnesses and to observe their demeanor, gestures, voice inflections and to use those observations in weighing credibility." *State v. Jackson,* 2d Dist. Montgomery No. 26050, 2015-Ohio-5490, ¶ 50, citing *State v. Lewis*, 4th Dist. Scioto No. 01CA2787, 2002 WL 368625 (Feb. 25, 2002). "[T]he appellate court may not substitute its judgment for that of the trier-of-

fact on the issue of the credibility of the witnesses unless it is patently apparent that the factfinder lost its way." *Id.* at ¶ 81, citing *State v. Bradley*, 2d Dist. Champaign No. 97-CA-03, 1997 WL 691510 (Oct. 24, 1997). The trial court, as the trier of fact, did not lose its way by choosing to believe the version of the events set forth in L.W.'s initial report to the police and in her written statement made shortly after the assault occurred, which were consistent with one another.

{¶ 12} We conclude that the conviction is supported by sufficient evidence and is not against the manifest weight of the evidence. Therefore, Wilson's sole assignment of error is overruled.

## V. Conclusion

{¶ 13} Wilson's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN, P.J., and HALL, J., concur.

Copies mailed to:

Barbara J. Doseck
Stephanie L. Cook
Troy B. Daniels
Jimmie Christon
Hon. Mia Wortham Spells