[Cite as *State v. Hill*, 2020-Ohio-4235.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28577 |
| | : | |
| v. | : | Trial Court Case No. 2019-CRB-2177 |
| | : | |
| TANZANIA HILL | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of August, 2020.

. . . . . . . . . . .

JORDAN L. BLAKE, Atty. Reg. No. 0099050, Assistant Prosecuting Attorney, City of Dayton Prosecutor's Office, Appellate Division, 335 West Third Street, Room 372, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

MARIA L. RABOLD, Atty. Reg. No. 0089080, 443 East Central Avenue, Miamisburg, Ohio 45342
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Tanzania Hill appeals her conviction for one count of assault, in violation of R.C. 2903.13(A), a misdemeanor of the first degree. Hill filed a timely notice of appeal on October 9, 2019.

{¶ 2} The incident which formed the basis for Hill's conviction occurred on the afternoon of May 8, 2019, when she was a passenger in an "orange little car" driven by Damonica Core. Tr. 4. The victim in this case, Icesse Messiah, testified that she observed Core and Hill as she was driving in her own vehicle, a GMC Yukon, down Gettysburg Avenue in Dayton, Ohio. Messiah testified that she was accompanied by her partner, Tonya, who was riding in the front passenger seat of the Yukon. When Messiah first observed Hill and Core, they were driving in the opposite direction on Gettysburg Avenue. Messiah testified that she observed Core perform a U-turn in the street and begin following her vehicle.

{¶ 3} Shortly thereafter, Messiah stopped her vehicle at a nearby store, and Tonya exited the vehicle and went inside the store. Messiah testified that Core parked her vehicle in front of Hill's vehicle. Core and Hill then exited the orange car and walked over to Messiah's Yukon. Core began asking about money that she gave to Messiah to purchase a car part from Messiah's brother. Messiah responded that her brother had the money. Core then accused Messiah of stealing the money. Messiah testified that at this point, she drove out of the parking lot towards her brother's house, which was nearby on Wildwood Avenue. Messiah testified that Core and Hill followed her all the way to her brother's house and repeatedly called her on her cellphone asking about the money.

{¶ 4} Upon reaching Wildwood Avenue, Messiah drove to where the street ended

and attempted to turn around so that she could park in front of her brother's house. However, Hill and Core pulled in front of Messiah's vehicle in order to block her in. From her vehicle, Messiah threatened to hit Core's vehicle. Core moved her vehicle out of the way, and Messiah drove up to her brother's house. Messiah testified that before she was able put her vehicle in park, she was hit from behind by Core.

{¶ 5} Messiah testified that, after being struck from behind, she remained in her vehicle. Shortly thereafter, Messiah observed Hill exit Core's vehicle. Hill approached Messiah's vehicle asking, "Where's the money?" Tr. 12, 28. Hill then walked up to Messiah's open driver's window. Messiah testified that, when Hill raised her hand, Messiah's face and eyes immediately began burning and she had trouble breathing. Messiah drove away and called the police, who directed her to travel to a nearby police station on Washington Street, where she would be met by an officer. Messiah testified that Core and Hill followed her to the police station.

{¶ 6} Messiah was met by Dayton Police Officer Christopher Smith when she arrived at the station. Officer Smith testified that Messiah pointed out to him the orange vehicle driven by Core as it passed by the police station. Messiah also informed Officer Smith that Core and Hill had been following her around and asking for money and that Hill had pepper sprayed her in her parked vehicle on Wildwood Avenue. Officer Smith testified that he observed that Messiah's eyes were tearing up and her face was swollen. Officer Smith also testified that he detected the distinct odor of pepper spray emanating from the interior of Messiah's vehicle. According to Smith, Messiah informed him that Core had struck the rear end of her vehicle; he inspected Messiah's rear bumper and noted that it looked as if it had recently been hit by another vehicle. After interviewing

Messiah, Officer Smith followed her to her mother's house in his police cruiser in order to insure her safety.

{¶ 7} Thereafter, Officer Smith traveled to Core's residence in order to speak with her regarding Messiah's allegations. Officer Smith testified that, when he arrived, he immediately noticed the orange vehicle that Messiah had earlier pointed out to him as it drove past the police station. Officer Smith inspected the front bumper of the vehicle and observed damage consistent with the damage done to the rear bumper of Messiah's vehicle. Officer Smith testified that he spoke with Core, and she stated that she and Hill had been following Messiah earlier and asking about money.

{¶ 8} On May 10, 2019, Hill was charged by criminal complaint with one count of misdemeanor assault. Hill pled not guilty, and a bench trial was held on July 24, 2019. Hill was found guilty of assault. On September 17, 2019, the trial court sentenced Hill to 180 days in jail with 180 days suspended, basic supervision for one year, an order to submit to alcohol/drug testing during her term of supervision, an alcohol/drug evaluation, a one-day anger management class, and a $50 fine plus court costs.

{¶ 9} It is from this judgment that Hill now appeals.

{¶ 10} Because they are interrelated, Hill's two assignments of error will be discussed together:

APPELLANT'S CONVICTION OF ASSAULT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

THE STATE'S EVIDENCE WAS INSUFFICIENT TO SATISFY ITS BURDEN TO PROVE EACH AND EVERY ELEMENT OF ASSAULT BEYOND A REASONABLE DOUBT.

{¶ 11} In her first assignment, Hill contends that her assault conviction was against the manifest weight of the evidence.   In her second assignment, Hill argues that the State failed to adduce sufficient evidence to support her conviction for assault.

{¶ 12} This Court has previously noted:

When a conviction is challenged as being against the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).   In a manifest-weight analysis, the credibility of the witnesses and the weight to be given to their testimony are primarily for the trier of facts to resolve. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967).   "Because the factfinder * * * has the opportunity to see and hear the witnesses, the cautious exercise of discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that a substantial deference be extended to the factfinder's determinations of credibility.   The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witnesses." *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 477684, *5 (Aug. 22, 1997).   This court will not substitute its judgment for that of the trier of fact on the issue

of witness credibility unless it is patently apparent that the trier of fact lost its way. *State v. Bradley*, 2d Dist. Champaign No. 97-CA-03, 1997 WL 691510 (Oct. 24, 1997). * * *

*State v. Nelson*, 2d Dist. Greene No. 2014-CA-7, 2015-Ohio-113, ¶ 29.

{¶ 13} Regarding the sufficiency of the evidence, this Court has previously stated:

"A sufficiency of the evidence argument disputes whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law." *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525, ¶ 10, citing *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). When reviewing whether the State has presented sufficient evidence to support a conviction, "the relevant inquiry is whether any rational finder of fact, after viewing the evidence in the light most favorable to the State, could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997), citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). A guilty verdict will not be disturbed on appeal unless, "reasonable minds could not reach the conclusion reached by the trier-of-fact." *Id.*

*State v. Wilson*, 2d Dist. Montgomery No. 27001, 2016-Ohio-7329, ¶ 6.

{¶ 14} As previously stated, Hill was convicted of misdemeanor assault in violation of R.C. 2903.13(A), which provides in pertinent part that "[n]o person shall knowingly cause or attempt to cause physical harm to another * * *."

{¶ 15} On appeal, Hill argues that Messiah was not a credible witness because

of certain alleged inconsistencies in her testimony, namely: 1) where Messiah stopped her vehicle on Wildwood Avenue when she was assaulted; 2) whether Tonya was still in Messiah's vehicle when the assault occurred; and 3) the extent of her injuries as a result of being pepper-sprayed by Hill. Hill also argues that Messiah's testimony was not credible because she could not remember which hand Hill used to pepper-spray her or how Hill's hair was arranged on the day of the assault.

{¶ 16} Initially, we note that where Messiah's car was parked in relation to her brother's house on Wildwood Avenue when the assault occurred was of minimal significance regarding whether Hill pepper-sprayed Messiah in her vehicle. The same is true of whether Tonya was a passenger in Messiah's vehicle when the assault occurred. As previously noted, Messiah testified that before driving to her brother's house on Wildwood Avenue, she and Tonya stopped at a store, and Tonya exited the vehicle and went into the store. Core and Hill then drove in front of Messiah and began asking her questions about money which had allegedly been paid to Messiah's brother. At trial, Messiah testified as follows:

The State: What was Damonica Core's response to your saying where the money was?

Messiah: She said I stole her money.

Q: Ok. What happened next?

A: *Tonya got in the car.* I pulled off. I traveled down Gettysburg. I hit a left on Cornell and then I hit a right on Salem Avenue. By that time they were still following me the whole way there. I traveled all the way down. I hit a right on Germantown and I hit a left on Broadway, South Broadway, to

go to where my brother's house [sic]. I hit a left on East Stewart. They were staying right behind. The[y] ran a stop sign. I turned on Wildwood and that's when I went….Wildwood is a dead end street, so you got to go all the way down and turn around.

Q: Ok. And do you know someone that lives on Wildwood or…..

A: My brother lives on Wildwood.

Q: Your brother lives on Wildwood?

A: Yes.

Q: Ok. So, was it your intent to go to your brother's home?

A: Yes.

Tr. 8-9.

{¶ 17} Later, the State again asked Messiah whether Tonya was still in the vehicle when the assault occurred, and Messiah clarified her testimony as follows:

The State: Did you get to your brother's house?

Messiah: When I got to it, I had to go down the street to turn around to park in front of his house. When I came down the street to turn around, they stopped, like in front of me, to block me off and I told them to move before I hit their car. I……basically I was trying to scare them. They moved the car and then I pulled in out in front…..in front of my brother's house and then I stopped.

Q: Ok. *And is your passenger still in the vehicle at this time?*

A: *No. No.*

Q: Where did your passenger get dropped off? At the store?

A: *At the store.*

Q: Ok. So, when you left the store your passenger stayed at the store?

A: *Yes.*

Q: So, you pull up in front of your brother's house. Do you have any problems parking front of your brother's house?

A: No.

Tr. 10.

**{¶ 18}** At that point, Core rear-ended Messiah's vehicle. Messiah then observed Hill exit Core's vehicle. As Hill approached Messiah's vehicle, she asked, "Where's the money?" Tr. 12, 28. Hill then walked up to Messiah's open driver's window. Messiah testified that she observed Hill raise her hand. Messiah testified that her face and eyes immediately began burning and she had trouble breathing. Simply put, it is undisputed that after asking Messiah about money in the parking lot of the store, Core and Hill followed Messiah to her brother's house and rear-ended Messiah's vehicle, at which point Hill walked over to Messiah's vehicle and sprayed her in the face with pepper spray.

**{¶ 19}** Additionally, Hill's assertion that Core testified that she had no recollection of being on Wildwood Avenue on the day of the assault is not supported by the record. During her direct examination, Core testified that she remembered being on Wildwood Avenue, but she had not known the name of the street at the time of the assault. While Core testified that Hill never got out of the vehicle on Wildwood Avenue and did not pepper spray Messiah, the trial court apparently did not find her testimony to be credible in that regard.

**{¶ 20}** The State also adduced evidence regarding the nature and extent of

Messiah's injuries. Specifically, Messiah testified that she observed Hill walk to the driver's window of her vehicle; Hill raised her hand, at which point Messiah felt her face and eyes immediately begin burning and she had trouble breathing. As previously stated, Officer Smith testified that he observed at the police station that Messiah's eyes were tearing up and her face was swollen. Officer Smith also testified that he detected the distinct odor of pepper spray emanating from the interior of Messiah's vehicle. Officer Smith also corroborated the events surrounding the incident based upon the damage to Messiah's and Core's vehicles. We also note that Core, the sole defense witness, acknowledged her prior conviction for falsification in 2017.

{¶ 21} Having reviewed the record, we find no merit in Hill's manifest-weight challenge. It is well-settled that evaluating witness credibility is primarily for the trier of fact. *State v. Benton*, 2d Dist. Miami No. 2010-CA-27, 2012-Ohio-4080, ¶ 7. Here the trial court quite reasonably credited the testimony provided by the State's witnesses, applied said evidence and all reasonable inferences to the elements of the offense, and found Hill guilty of assault. Whether Hill used pepper spray during her attack on Messiah was a question of fact for the trial court to decide. Having reviewed the entire record, we cannot clearly find that the evidence weighs heavily against conviction, or that a manifest miscarriage of justice has occurred.

{¶ 22} Furthermore, construing the evidence presented in a light most favorable to the State, as we must, we conclude that a rational trier of fact could have found all of the essential elements of the crime for which Hill was indicted and found guilty to have been proven beyond a reasonable doubt. Hill's conviction for assault therefore was supported by legally sufficient evidence.

{¶ 23} Hill's first and second assignments of error are overruled.

{¶ 24} Both of Hill's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Jordan L. Blake
Stephanie Cook
Maria L. Rabold
Hon. Christopher D. Roberts